# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## No. 5:18-CV-0073-D

| | |
|---|---|
| JAMES S. DEW, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>E.I. DU PONT DE NEMOURS AND )<br>COMPANY, a business entity form )<br>unknown; THE CHEMOURS )<br>COMPANY, a Delaware corporation; )<br>THE CHEMOURS COMPANY FC, )<br>LLC, a Delaware limited liability )<br>company, and DOES 1 to 25, )<br>)<br>Defendants. )<br>)| **CASE MANAGEMENT ORDER CONCERNING PLAINTIFF FACT SHEETS** |

1. The Court hereby issues the following Case Management Order to govern the form and procedure for the completion and service of Plaintiff Fact Sheets ("PFS").

## I. Scope of Order

2. This Order applies to all Plaintiffs and their counsel in the above-captioned case.

3. This Order shall not limit or otherwise affect the procedures or timing of any additional discovery (including depositions) beyond that which is described herein except as otherwise agreed by the parties or ordered by the Court.

## II. Plaintiff Fact Sheets

4. The form PFS that shall be used in these cases is attached hereto as Exhibit A. In accordance with the schedule set forth below, every Plaintiff subject to this Order shall:

   a. Complete and sign a verified/sworn PFS;

1

     b. Serve the completed PFS upon counsel for Defendants in the manner described in Section III below; and

     c. Produce to Defendants all responsive, non-privileged documents in his or her possession, custody, or control that are requested in the PFS.

5. **Substantial Completion of PFS:** In completing the PFS, every Plaintiff is required to provide Defendants with a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must: (1) answer every question contained in the PFS to the best of his or her ability and leave no blanks, even if he or she can only answer the question in good faith by indicating "not applicable," "N/A," or "I don't know"; and (2) comply with section II.4 above.

6. **Verification:** Each Plaintiff's completed PFS shall be signed by the Plaintiff and treated as answers to interrogatories and responses to requests for production of documents under Federal Rules of Civil Procedure 33 and 34, respectively, except that any numerical limits on the number of interrogatories shall not apply to the PFS. The interrogatories and requests for production in the PFS shall be answered without objections as to the relevance or the form of the question, though Plaintiffs' counsel reserve the right to raise any valid objections, including as to verification of document productions, relevance or admissibility, prior to trial as provided in future orders. This section does not prevent a Plaintiff from withholding or redacting information from other records provided with the PFS based on a recognized privilege, nor does it prohibit Defendants from challenging such redaction, subject to any further rulings by the Court regarding any such redactions.

7. **PFS Deficiency Dispute Resolution:** If any Defendant(s) disputes the sufficiency of any response(s) in the PFS or that the PFS as a whole is substantially complete, counsel for

Defendant(s) shall notify the Plaintiff's counsel (or counsel's designee) in writing of the purported deficiency(ies) via email allowing such Plaintiff an additional fourteen days to correct the alleged deficiency(ies).  To the extent applicable, Defendant's email shall identify the case name, docket number, and purported due date(s), and include sufficient detail regarding the alleged deficiency(ies) for the parties to meet and confer, if necessary.  Should the subject Plaintiff fail to cure the stated deficiency(ies) or assert objections to the same, or otherwise fail to provide responses that are substantially complete in all respects (including the requested documents and signatures on all applicable authorization) within fourteen days of such notice, counsel for Defendant(s) may request a meet and confer on any outstanding issues within seven days and if any issues remain unresolved, Defendant(s) may apply to the Court for resolution.

8. **Notice of Delinquent PFS:**  If any Defendant(s) believes that a particular PFS is past due under this Order, Defendant(s) shall send written notice via email to Plaintiff's counsel, allowing such Plaintiff an additional ten days to serve a PFS that is substantially complete in all respects.  Upon receipt of such notice, counsel for the subject Plaintiff shall promptly confer with counsel for Defendant(s), and state the reason for the failure to provide the PFS.  If a completed and verified PFS is not served within the ten days following written notice via email, Defendants may apply to the Court for an Order to Show Cause why the case should not be dismissed for failure to prosecute.

9. **Duty to Supplement:**  Each Plaintiff shall remain under a duty to supplement the information provided in his or her PFS, if needed, consistent with the provisions of Federal Rule of Civil Procedure 26(e).

III. **Service and Confidentiality**

10. Each Plaintiff subject to this Order shall serve and produce to Defendant(s) a completed PFS and all responsive, non-privileged documents requested in the PFS that are in his or her possession, custody, or control within forty-five (45) days of the date of this Order. This CMO shall not preclude the parties from seeking or granting extensions for the completed PFS and/or responsive, non-privileged documents requested in the PFS. Any such request shall be made in writing via email to the Defendants' counsel before the expiration of the deadline.

11. Plaintiffs shall serve the completed PFS upon Defendants by emailing them to Defendants' counsel. This shall constitute effective service of the PFS upon Defendants.

12. All completed PFS shall be marked and treated as "Confidential" consistent with the Stipulation and Order Governing the Exchange of Confidential Material. (Dkt. 58).

13. The counsel for Plaintiffs and Defendants shall meet and confer in good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may bring any remaining dispute(s) before the Court for resolution.

Dated: March 11, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge

/s/ Stephen C. Johnston
Stephen C Johnston (*Pro Hac Vice*)
Texas State Bar No. 00796839
Brett D. Land(*Pro Hac Vice*)
Cary L., McDougal(*Pro Hac Vice*)
M. Cristina Sanchez (*Pro Hac Vice*)
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Telephone: (214) 523-6524
Facsimile: (214) 520-1181
sjohnston@baronbudd.com

J. Harold Seagle
North Carolina State Bar No. 8017
SEAGLE LAW
33 Tiverton Lane
Asheville, NC 28803
Telephone: (828) 545-7777
Facsimile: (828) 774-5701
haroldseagle@charter.net

***Attorneys for Plaintiffs***

/s/ Kenneth J. Reilly
Kenneth J. Reilly (*Pro Hac Vice*)
FL State Bar No. 157082
SHOOK, HARDY & BACON, L.L.P.
201 S. Biscayne Blvd.
3200 Miami Center
Miami, FL 33131
Telephone: (305) 960-6907
Facsimile: (305) 385-7470
E-mail: kreilly@shb.com

/s/ Stephen D. Feldman
Jonathan D. Sasser
N.C. StateBar No. 10028
Stephen D. Feldman
N.C. State Bar No. 34940
ELLIS & WINTERS, LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone : (919) 865-7000
Facsimile: (919) 865-7010
jon.sasser@elliswinters.com
stephen.feldman@elliswinters.com

***Attorneys for Defendants***