# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-0073D

| | |
|---|---|
| JAMES S. DEW, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>　　Defendants. | Case No. 5:18-cv-0073-D |
| JAMES O'BRIEN, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>　　Defendants. | Case No. 5:20-CV-00208-D |

**DEFENDANTS THE CHEMOURS COMPANY AND CHEMOURS FC, LLC'S RESPONSES TO PLAINTIFFS PAUL ABRIL AND SOCORRA ABRIL'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants The Chemours Company and Chemours FC, LLC (collectively "Defendant") hereby serve the following objections and responses to Plaintiffs' First Set of Requests for Admission (the "Requests").

**PRELIMINARY STATEMENT OF OBJECTIONS**

Defendant has not completed its investigation of the facts or law relating to this action and discovery in this matter is ongoing. Accordingly, these responses are provided without prejudice

to Defendant's right to further amend, correct or supplement these answers, and are subject to Defendant's right to produce evidence of any subsequently discovered facts, or additional facts, information or documents that may exist whose relevance, significance or applicability have not yet been determined by Defendant. These Responses are provided in good faith based on information presently available and known to Defendant. In providing these Responses, Defendant reserves all objections as to competency, relevancy, materiality, authenticity and admissibility of any information.

Defendant further states that the scope of discovery in this case, as established by the allegations in Plaintiffs' Consolidated Complaint (the "Complaint"), is far narrower than Plaintiffs' expansive Requests. Defendant's below Responses will be limited by the principles of relevance and proportionality, as dictated by Federal Rule of Civil Procedure 26(b)(1).

This preliminary statement is hereby incorporated by reference into each response to the specific Requests set forth below.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to each and every one of the "Definitions" in Plaintiffs' Requests to the extent they attempt to impose obligations on Defendant other than those imposed or authorized by the Federal Rules of Civil Procedure ("FRCP"), including, but not limited to, the extent they exceed the permissible scope of discovery under the FRCP, and/or seek to impose duties of responding and/or supplementation different from or in excess of those imposed by the FRCP.

2. Defendant objects to Plaintiffs' definition of "You", and "Your" because they are overly broad and unduly burdensome to the extent it purports to include any of Chemours' past and present officers, directors, employees, predecessors, successors, affiliates, agents,

servants, and representatives and all other persons acting or purporting to act at the direction of or on behalf of Chemours or otherwise imposes an obligation on Defendant to respond for any other entity or person. Chemours also objects to the extent this definition and the Requests seek the production, disclosure or identification of information not in Chemours' possession, custody or control, and to the extent it requires Chemours to undertake an investigation to ascertain the same. Chemours objects to Plaintiffs' implication that Chemours should or could respond on behalf of any other entity. Further, Chemours objects to any generic and imprecise use of "Defendants" or "Chemours" throughout the Requests in a manner that is overly broad and purports to improperly impute to Chemours, and/or to every employee of Chemours, knowledge that may have been held by any individual, including individual employees of Chemours. Chemours became a new, separate, publicly traded company pursuant to a spin-off that was completed on July 1, 2015. The responses are limited to Defendant.

3. Defendant objects to Plaintiffs' definition of the term "GenX" as an incomplete and/or incorrect statement of complex scientific and technical matters.

4. Defendant objects to Plaintiffs' definition of the term "PFAS" to the extent that definition includes chemistries, compounds and substances that are not the subject of the allegations in Plaintiffs' Consolidated Complaint. To that extent, the definition is overbroad, not proportional to the needs of this litigation, and lacks any nexus to any party's claim or defense in this litigation.

5. Defendant objects to the terms used in Plaintiffs' Requests to the extent that such Definitions vary, differ, or deviate from those provided in Rule 1001 of the Federal Rules

3

of Evidence, from the ordinary and customary use or meaning of the referenced terms, and/or from definitions or usages that are widely accepted in the scientific community.

6. Notwithstanding Defendant's specific objections to Plaintiffs' definitions, Defendant states that other, non-defined terms in Plaintiffs' Requests are vague, ambiguous, overly-broad and otherwise objectionable. Defendant maintains, and does not waive, any such objections to those terms.

7. These objections to definitions and instructions, the preliminary statement of objections above and the general objections and limitations herein are hereby incorporated into each Response to the specific Requests set forth below, and any repetition or omission of these objections and limitations in each Response below does not waive the incorporation of each and every objection and limitation.

## GENERAL OBJECTIONS TO REQUESTS

1. Defendant objects to Plaintiffs' Requests on the bases that they are overly broad, impose an undue burden and expense, are not reasonably calculated to lead to the discovery of admissible evidence, and/or seek information and/or documents that are neither relevant nor proportional to the needs of the case, considering the parties' relative access to the information requested and the fact that the burden and expense of the proposed discovery outweighs any potential benefit.

2. Defendant objects to Plaintiffs' Requests to the extent they attempt to expand the scope of discovery beyond Plaintiffs' claims concerning Fayetteville Works. Defendant's Responses and subsequent searches and production of documents, if any, will therefore be limited to the scope of discovery established by Plaintiffs' Consolidated Complaint.

3. Defendant objects to Plaintiffs' Requests on to the extent they seek documents and information concerning chemical compounds that are (1) not the subject of the allegations contained in the Complaint; and/or (2) are not related to Defendant or allegations in Complaint. In this regard, among others, the Requests are overly broad, unduly burdensome, potentially outside the possession, custody or control of Defendant, and neither relevant to the claim or defense of any party, nor proportional to the needs of this litigation.

4. Defendant objects to the extent that Plaintiffs' Requests purport to seek documents and other information not within Defendant's possession, custody, or control.

5. Defendant objects to Plaintiffs' Requests to the extent that they seek information or documents that are protected by privilege (including, but not limited to, the attorney-client privilege and the attorney work product doctrine) or are not otherwise discoverable. Any inadvertent production of any such privileged or protected documents or information shall not constitute a waiver of any privilege or protection applicable thereto, or to any related information or documents, and anyone suspecting such an inadvertent production by Defendant is requested to immediately return such information or documents and bring it to the attention of the undersigned counsel. Furthermore, Defendant reserves the right to demand the return of any documents from Plaintiffs that may be inadvertently produced if Defendant determines that such documents may include or contain information protected by any applicable privilege or protection.

6. Defendant objects to Plaintiffs' Requests to the extent that they seek the disclosure of information including Defendant's confidential or proprietary information or the

5

confidential or proprietary information of persons or entities in contractual privity with Defendant and/or to whom Defendant has an obligation to maintain confidentiality.

7. Defendant objects to Plaintiffs' Requests to the extent that they seek information that is reflected in, or is determinable from, publicly available documents or sources and/or is equally or more readily available and/or accessible to Plaintiffs. Among other things, and without limiting the objections above, Defendant objects on the basis that, in many instances, Plaintiffs have failed to disclose the specific documents and/or information on which their Requests are based, and to the extent that the Requests ask Defendant to conduct a search of information that is publicly available and/or in the possession of Plaintiffs' counsel, on the basis that Plaintiffs are equally or better positioned to search for the information they seek.

8. Neither the fact that Defendant has responded to the Requests, nor the answers and/or responses themselves, constitute an admission or acknowledgement that any or all of the Requests are proper; that the information such Requests seek is relevant, material, or otherwise within the proper bounds of discovery or admissible at trial; or that other Requests will be treated in a similar fashion. A partial response to any Request to which Defendant has objected, in whole or in part, does not constitute a waiver of any objection.

9. In addition to specific terms objected to above, Defendant objects to the descriptions and all terms utilized throughout the Requests to the extent that they assume or imply allegations or elements of Plaintiffs' claims in this case. Defendant's responses to the Requests are not to be deemed an admission of assent or agreement.

10. Defendant objects to Plaintiffs' Requests to the extent that they assume facts that do not exist or have not been established.

11. Defendant objects to the terms used in Plaintiffs' Requests to the extent that such Definitions vary, differ, or deviate from those provided in Rule 1001 of the Federal Rules of Evidence, from the ordinary and customary use or meaning of the referenced terms, and/or from definitions or usages that are widely accepted in the scientific community.

12. Defendant objects to Plaintiffs' Requests to the extent that they seek to impose burdens and/or obligations upon Defendant that exceed and/or are inconsistent with those set forth in the FRCP and/or the Local Rules.

13. Defendant's responses to Plaintiffs' Requests are made subject to, and without waiver of, their rights to: (a) at any hearing or trial, contest the admissibility of any evidence disclosed in these responses, in any production of documents, or in any disclosure of information occurring pursuant to any interrogatory; (b) objects to any other subsequent discovery requests which may or may not relate to these responses; (c) rely upon the provisions of any applicable protective order pursuant to FRCP 26(c); and (d) modify or amend these responses in any manner.

14. Defendant reserves the right to use documents or information later discovered, and/or to supplement and/or amend their answers and/or responses to the Requests in the event additional responsive material is discovered.

15. Defendant objects to Plaintiffs' Requests to the extent that they incorporate or request characterizations and/or interpretations of the language of documents.

16. Defendant objects to Plaintiffs' Requests to the extent they would require Defendant to make, accept, or interpret legal conclusions.

17. Defendant objects to Plaintiffs' Requests to the extent they incorporate the assumption that the dose at which chemicals have human health consequences or are safe for human

consumption can be directly experimentally studied, other than through studying the effects of chemicals on other organisms or through observational studies.

18. These general objections and limitations are hereby incorporated into each Response to the specific Requests set forth below, and any repetition or omission of these objections and limitations in each Response below does not waive the incorporation of each and every objection and limitation.

Subject to and without waiving the foregoing objections and limitations, and limiting their Responses in accordance therewith, Defendant responds as follows:

### SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that YOU collected at least one water sample from the well serving Plaintiffs' house on September 6, 2017.

**RESPONSE NO. 1:** Defendant objects to the use of the undefined term "Plaintiffs' house." Defendant further objects to the term "the well serving Plaintiffs' house" on the grounds that it is vague, ambiguous, and may potentially reference multiple wells which service Plaintiff's Property. Defendant directs its response to "Plaintiffs' Property," as appropriately defined in Plaintiffs' Requests.

Subject to and without waiving the general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 2:** Admit that a water sample collected by YOU on September 6, 2017 from the well serving Plaintiffs' house contained GenX at a level of 300 ng/L.

**RESPONSE NO. 2:** Defendant objects to the use of the undefined term "Plaintiff's house". Defendant directs its response to "Plaintiffs' Property," as appropriately defined in Plaintiffs' Requests. Defendant further objects to the term "the well serving Plaintiffs' house" on the grounds

that it is vague, ambiguous, and may potentially reference multiple wells which service Plaintiff's Property.

Subject to and without waiving the general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 3:** Admit that a water sample collected by YOU on February 13, 2018 from the well serving the Plaintiffs' house contained GenX at a level of 284 ng/L.

**RESPONSE NO. 3:** Defendant objects to the use of the undefined term "Plaintiff's house". Defendant directs its response to "Plaintiffs' Property," as appropriately defined in Plaintiffs' Requests. Defendant further objects to the term "the well serving Plaintiffs' house" on the grounds that it is vague, ambiguous, and may potentially reference multiple wells which service Plaintiff's Property.

Subject to and without waiving the general and specific objections, Defendant responds as follows: Denied as written. Defendant further responds that it does not have records of sampling Plaintiffs' Property on February 13, 2018. Defendant further states a water sample collected on Plaintiffs' Property on March 9, 2018 indicated a level of GenX of 284 ng/L.

**REQUEST FOR ADMISSION NO. 4:** Admit that GenX has been detected in the well serving Plaintiffs' house at a level greater than the United States Environmental Protection Agency's health advisory (HAL) of 10 ppt.

**RESPONSE NO. 4:** Defendant objects to the use of the undefined term "Plaintiff's house". Defendant directs its response to "Plaintiffs' Property," as appropriately defined in Plaintiffs' Requests. Defendant further objects to this Request to the extent that it seeks information on water sample testing which was not conducted by or on behalf of Defendant. Defendant additionally

9

objects on the grounds that this Request fails to adequately identify the referenced rule, regulation, or guidance issued by the United States Environmental Protection Agency. Defendant also objects to this Request because it asks Defendant to admit an allegation that requires a legal conclusion, including as to the applicability of a legal obligation issued by a regulatory agency.

Subject to and without waiving the general and specific objections, Defendant responds that this Request calls for a legal conclusion so Defendant cannot respond to this Request.

**REQUEST FOR ADMISSION NO. 5:** Admit that all GenX detected in the Plaintiffs' well water originated from the Fayetteville Works Facility.

**RESPONSE NO. 5:** Defendant objects to this Request to the extent that it seeks information on water sample testing which was not conducted by or on behalf of Defendant. Defendant further objects on the grounds that it is not reasonably possible to ascertain the origin of "all GenX detected in Plaintiffs' well water." Defendant further objects to this Request to the extent that it calls for information requiring "scientific, technical, or other specialized knowledge" such that it is appropriately the subject of expert testimony, *see* Fed. R. Evid. 702, and/or to the extent it asks for the identity of, work performed by, or information received from experts retained by Defendant in order to defend itself in the Litigation or other litigation.

Subject to and without waiving the general and specific objections, Defendant responds that it does not have sufficient information to admit or deny this Request. To the extent a response is required, Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 6:** Admit YOU have no evidence that the GenX detected at Plaintiffs' Property originated from a source other than the Fayetteville Works Facility.

**RESPONSE NO. 6:** Defendant objects to this Request to the extent that it seeks to impermissibly shift the burden of proving causation from Plaintiffs to Defendant. Defendant further objects on

the grounds that it is not reasonably possible to determine the origin of all GenX allegedly detected on Plaintiffs' Property. Defendant further objects to this Request to the extent that it calls for information requiring "scientific, technical, or other specialized knowledge" such that it is appropriately the subject of expert testimony, see Fed. R. Evid. 702, and/or to the extent it asks for the identity of, work performed by, or information received from experts retained by Defendant in order to defend itself in the Litigation or other litigation.

Subject to and without waiving the general and specific objections, Defendant responds that it does not have sufficient information to admit or deny this Request. To the extent a response is required, Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 7:** Admit that from September 2019 to June 2022, YOU sent Plaintiffs multiple letters stating that "The State is still determining the locations where connection to a public water supply would be deemed feasible. Once this determination has been

made for your location, Chemours will either connect your residence to municipal water or will offer you a choice between a GAC whole house filtration system or RO units on every tap."

**RESPONSE NO. 7:** Subject to and without waiving the general objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 8:** Admit that from September 2019 until June 2022, YOU did not offer Plaintiffs a whole house granular activated carbon filtration system.

**RESPONSE NO. 8:** Subject to and without waiving the general objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 9:** Admit that from September 2019 until June 2022, YOU would not have provided Plaintiffs with a whole house granular activated carbon filtration system had Plaintiffs requested it.

**RESPONSE NO. 9:** Defendant objects on the grounds that this Request presents an abstract hypothetical circumstance, and therefore cannot reasonably be answered. Defendant further objects that this Request is vague and ambiguous.

Subject to and without waiving the general and specific objections, Defendant responds that it cannot admit or deny an abstract hypothetical. To the extent a response is required, Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 10:** Admit You have no evidence that, prior to 2017, You warned Plaintiffs that Plaintiffs' Property was at risk of contamination from the release of PFAS from the Fayetteville Works Facility.

**RESPONSE NO. 10:** Defendant objects to the extent that this Request seeks information from before the formation of The Chemours Company on July 1, 2015. Defendant further objects to the

extent that this Request implies that PFAS were in fact released from the Fayetteville Works Facility, or that any potential release of PFAS put Plaintiffs' Property at risk of contamination.

Subject to and without waiving the general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 11:** Admit that the water sample YOU took on October 18, 2018 from Marshwood Lake contained GenX at a level of 770 ng/L.

**RESPONSE NO. 11:** Defendant objects to the use of the term "Marshwood Lake" as vague, ambiguous, and not previously defined.

Subject to and without waiving the general and specific objections, Defendant responds as follows: Admitted.

Respectfully submitted,

//s/ *Britta N. Todd*
Kenneth J. Reilly (admitted *pro hac vice*)
**SHOOK, HARDY AND BACON, LLP**
201 S. Biscayne Blvd
3200 Citigroup Center
Miami, FL 33131
Phone: 305-358-5171
Fax: 305-358-7470
kreilly@shb.com

Britta N. Todd (admitted *pro hac vice*)
**SHOOK, HARDY AND BACON, LLP**
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-559-2487
Fax: 816-421-5547
btodd@shb.com

Joshua Becker (admitted *pro hac vice*)
Caroline Gieser
N.C. State Bar No. 51610
**SHOOK, HARDY AND BACON, LLP**
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309

Phone: 470-867-6000
Fax: 470-867-6001
jbecker@shb.com
cgieser@shb.com

Thomas H. Segars
N.C. State Bar No. 29433
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Fax: 919-865-7010
tom.segars@elliswinters.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May 2023, a copy of the foregoing was served via electronic mail upon the below counsel of record for Plaintiffs.

                                           *s/ Britta N. Todd*
                                           ***Attorney for Defendants***