IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **James S. Dew**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont de Nemours & Co.**, et al.,<br><br>Defendants. | No. 5:18-CV-00073-D |
| **James O'Brien**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont de Nemours & Co.**, et al.,<br><br>Defendants. | No. 5:20-CV-00208-D |

**Order**

This suit involves Plaintiffs' allegations that Defendants contaminated the Cape Fear River through the discharge of toxic chemicals into that body of water. Defendants wish to maintain certain documents the parties filed in connection with summary judgment motions under seal. They claim these documents contain confidential business information or otherwise contain sensitive information.

Having reviewed Defendants' motions, the court will deny them without prejudice. The Fourth Circuit requires a party wishing to keep summary-judgment-related materials under seal to overcome the public's First Amendment right of access to those documents. Despite the Fourth Circuit's clear statement on this issue, Defendants instead, argued that the less demanding common

law right of access applies. But since sealing may ultimately be appropriate, the court will keep most of the documents provisionally sealed and allow Defendants to file a motion under the proper standard. And since Defendants have withdrawn their motion with respect to certain documents, the court will order that those documents be unsealed at this time.

I.  **Background**

As part of discovery, the parties entered a stipulated protective order that spelled out how the parties will treat sensitive documents and information. D.E. 58 at 5. Specifically, it stated that confidential information, as defined in the order, shall be filed under seal. *Id.* at 10.

In connection with summary judgment proceedings, Defendants have asked the court to maintain several documents[1] under seal. D.E. 191, 198, 217, 240, 244. Each of Defendants' motions claim that sealing is appropriate because they can overcome the public's common law right of access to these documents. Plaintiffs have opposed some of these requests. And after reviewing Plaintiffs' responses, Defendants have agreed that some documents should be unsealed. D.E. 246 at 3.

II. **Discussion**

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides

---

[1] Specifically, Defendants seek to maintain under seal the materials filed at D.E. 158, 159, 160, 161, 161–4, 162–2, 162–3, 162–4, 165–4, 167–1, 168–1, 169–1, 169–2, 169–3, 169–6, 169–7, 169–8, 169–9, 169–10, 169–11, 169–13, 169–14, 171–2, 171–3, 171–4, 171–5, 171–6, 171–7, 171–8, 184-4,186-5, 226, 227–1, 227–2, and 220.

to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The public's right of access arises from either the common law or the First Amendment. *Id.* at 575. Determining the source of the public's right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The Fourth Circuit has held that the public's right to access documents submitted in connection with a summary judgment motion arises out of the First Amendment . *Rushford*, 846 F.2d at 253 ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."). But even though this precedent has been around for more than a quarter century, Defendants' motions rely on the common law right of access. Since Defendants have neither argued nor shown that they meet the more rigorous First Amendment standard, they have no right to have the court permanently seal their documents. Thus the court denies their sealing motions.

Yet the court recognizes that Defendants may be able to meet the First Amendment standard for keeping the documents under seal. So the court will keep most of the documents under seal and allow Defendants an opportunity to establish that they can do so. To persuade the court to keep summary-judgment-related documents under seal, Defendants will need to "present

specific reasons in support of [their] position." *Wash. Post*, 386 F.3d at 575. As the Supreme Court noted, "[t]he First Amendment right of access cannot be overcome by [a] conclusory assertion[.]" *Press–Enter. Co. v. Superior Court*, 478 U.S. 1, 15 (1986).

The court will, however, unseal documents that Defendants no longer wish to keep sealed.

### III. Conclusion

In sum, the court denies without prejudice Defendants' sealing motions. D.E. 191, 198, 217, 240, 244. But except as otherwise specified, the documents will remain under seal to allow Defendants to file a properly supported sealing motion. Defendants must file that motion no later than 7 days after entry of this order. Plaintiffs will have 7 days after Defendants do so to respond. And Defendants will have 3 days after Plaintiffs respond to file their reply.

But since Defendants have partially withdrawn their motions, the Clerk of Court should unseal these documents: D.E. 163–1, 164–1, 165–6. 165–8, 165–9, 169–4, 169–5, 169–11, 169–12, and 171–1.

Dated: July 18, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge