IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JAMES S. DEW, et al., <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DU PONT DE NEMOURS & CO., et al., <br><br> Defendants. | Case No. 5:18-cv-0073-D |
| JAMES O'BRIEN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DU PONT DE NEMOURS & CO., et al. <br><br> Defendants. | Case No. 5:20-CV-00208-D |

## REPLY IN SUPPORT OF MOTION TO SEAL [D.E. 263]

Defendants The Chemours Company FC, LLC, The Chemours Company, and EIDP, Inc. (collectively, "Defendants") respectfully reply in support of their motion to maintain materials under seal [D.E. 263]. In their Opposition [D.E. 265], Plaintiffs misstate (1) Defendants' reasons for seeking to maintain Rule 30(b)(6) testimony under seal and (2) whether the materials at issue are publicly available. Plaintiffs also imply that only "trade secrets" can be sealed under the First Amendment, which would be contrary to applicable law. [D.E. 265 at 2-3, 8, 17-18]. Defendants reply, briefly, to correct Plaintiffs' misstatements for the record and to make clear that confidential business information need not be a "trade secret" to be sealed under the First Amendment standard.

First, Plaintiffs repeatedly argue that Defendants' motivation for sealing the Rule 30(b)(6) testimony is to hide that DuPont knew PFAS were being emitted from Fayetteville Works since

the 1980s. *See* [D.E. 265 at 6, 8]. Plaintiffs get this wrong. The fact is already publicly available from documents published online at the North Carolina DEQ website *because DuPont told North Carolina regulators about PFAS emissions from Fayetteville Works in the 1980s*. *See, e.g.*, https://edocs.deq.nc.gov/WaterResources/DocView.aspx?id=795142&dbid=0&repo=WaterResources&cr=1. Instead, Defendants contend that the 30(b)(6) testimony here should be sealed because it includes information identifying the specific compounds and processes involved in Defendants' operations now and in the past. *See*, *e.g.*, [D.E. 169-1 at 60-61]. This is sensitive, non-public business information that warrants sealing.

Second, Plaintiffs argue in their response that certain documents should not be sealed because they are already publicly available. These arguments misstate the facts.

Plaintiffs suggest that [D.E. 169-14] should not be sealed because "this document has been made public and can be found online." D.E. 265 at 11. But Plaintiffs fail to mention that the document they reference and link in support of their argument is *heavily redacted*. It is not the same document at issue here. The fact that the document was heavily redacted in the past further supports Defendants' claim that it contains information that warrants sealing here.

Plaintiffs indicate that the document appearing on the docket as [D.E. 167-1 and 168-1] has been published online by Defendants at the link contained in footnote one of Plaintiffs' response. However, the document accessible by the link provided by Plaintiffs is a *different* and *later* version of the document. *See* [D.E. 265 at 7]. It is not the same.

Plaintiffs argue that [D.E. 169-10] should not be sealed because "it has been made public and can be found online." [D.E. 265 at 10]. Plaintiffs' response does not provide a link to where the document can be found online as Plaintiffs claim. However, in Plaintiffs' previous response to Defendant's initial motion to seal, which the Court denied without prejudice to refile, Plaintiffs

indicated that [D.E. 169-10] was publicly available by way of a link to the website of a law firm called Weitz & Luxenberg. *See* [D.E. 220 at 10]. That link, however, leads to an error message: "404 Not Found." Assuming that this law firm website is still the source of Plaintiffs' argument, the document apparently is no longer available to the public (assuming it ever was). In any event, even if it was or is, publication of documents by a *third-party* law firm does not remove the confidential and sensitive nature of the document.

Finally, any implication by Plaintiffs that only "trade secrets" may be sealed under the First Amendment standard, *see* [D.E. 265 at 2-3, 8, 17-18], is incorrect as a matter of law. While it is true that trade secrets may be sealed under the First Amendment, it is also true that other confidential business information that does not meet the specific definition of a "trade secret" may be protected, as well. In fact, the case that Plaintiffs cite for this proposition—*Silicon Knights, Inc. v. Epic Games, Inc.*—applied the First Amendment standard to seal not only trade secrets, but "*information relating to* alleged trade secrets *and other highly sensitive financial and business information* belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters." No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (emphasis added); *see also Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291–92 (W.D.N.C. 2019) (similar and noting also that information not factoring into decision on dispositive motion may also weigh in favor of sealing).

In their opening brief, Defendants identified, with descriptions and pin cited examples, the confidential information at issue here. [D.E. 264 at 3-14]. They also explained why this information is sensitive and merits sealing. *Id.* Much of this information concerns non-public information about Defendants' manufacturing operations, products, marketing efforts, human

3

Case 5:18-cv-00073-D    Document 267    Filed 08/05/24    Page 3 of 5

resources, organizational structures, and other matters that do not bear importance to any public matter and would not be anticipated to factor into the Court's decision on the pending dispositive motion. [D.E. 264 at 4, 5, 10-12]. Defendants respectfully request that all of the identified materials remain sealed for the reasons set forth in their motion and supporting memorandum of law. [D.E. 263 & 264]. In the event the Court determines that any of these documents should not be sealed because redaction presents a less drastic alternative to sealing, Defendants respectfully request that they be given an opportunity to propose redacted versions of those documents that could be made public.

## CONCLUSION

For the foregoing reasons and those set forth in their initial motion [D.E. 263] and accompanying memorandum of law [D.E. 264], Defendants respectfully request that the Court grant their motion to maintain under seal the materials appearing on the docket at D.E. 158, 159, 160, 161, 161-4, 162-2, 162-3, 162-4, 165-4, 167-1, 168-1, 169-1, 169-2, 169-3, 169-6, 169-7, 169-8, 169-9, 169-10, 169-13, 169-14, 171-2, 171-3, 171-4, 171-5, 171-6, 171-7, 171-8, 184-4, 186-5, 213, 214, 215, 216, 226, 227-1, 227-2, and 220.

Dated: August 5, 2024

Respectfully submitted,

/s/ Thomas H. Segars
Kenneth J. Reilly
**SHOOK, HARDY AND BACON, LLP**
201 S. Biscayne Blvd
3200 Citigroup Center
Miami, FL 33131
Phone: 305-358-5171
Fax: 305-358-7470
kreilly@shb.com

Britta N. Todd
**SHOOK, HARDY AND BACON, LLP**
2555 Grand Blvd.
Kansas City, MO 64108

Phone: 816-559-2487
Fax: 816-421-5547
btodd@shb.com

Joshua Becker
**SHOOK, HARDY AND BACON, LLP**
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309
Phone: 470-867-6000
Fax: 470-867-6001
jbecker@shb.com

Thomas H. Segars
N.C. State Bar No. 29433
Scottie Forbes Lee
N.C. State Bar No. 50833
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Fax: 919-865-7010
tom.segars@elliswinters.com
scottie.lee@elliswinters.com

***Attorneys for Defendant***