IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18- CV-00073-D

**James S. Dew**, et al.,

   Plaintiffs,

v.

**E.I. Dupont Nemours & Co.**, et al.,

   Defendants.

**Order**

  Before the court is Defendants' second request to keep various documents they filed in support of their motion for summary judgment under seal. The court denied their first request because they relied on the wrong standard to seal summary-judgment-related materials. While Defendants have now identified the correct standard for sealing, they have failed to meet it. Since Defendants failed to provide any credible evidence to support their claim that they would be harmed by the documents' disclosure, they have not overcome the public's First Amendment right to access those documents. Thus, the court denies their motion to seal.

**I. Background**

  Plaintiffs, current and former residents of southeastern North Carolina, claim that Defendants contaminated the Cape Fear River with toxic chemicals. After conducting discovery, Defendants asked the court to grant summary judgment in their favor. A part of summary judgment briefing, the parties filed a wealth of documents and information, some of which Defendants claim contained sensitive business information.

Defendants asked the court to keep many of those documents under seal. D.E. 191, 198, 217, 240, and 244. But they relied on the wrong standard in their motion, so the court denied it without prejudice. July 18, 2024 Order at 4, D.E. 256. The court, however, kept most of the documents provisionally sealed to allow the Defendants a chance to argue that sealing is appropriate under the correct standard. *Id.* The court warned Defendants that they needed to "present specific reasons in support of [their position]." *Id.* at 3–4 (citing *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

Defendants eventually renewed their motion and sought to keep 36 documents[1] under seal. Def.'s Mot. to Main. Seal, D.E. 263. Defendants said, in conclusory fashion, that each document should be kept under seal because they contained some combination of confidential, sensitive, and non-public business information. They also noted that each of the documents had been designated as Confidential or Highly Confidential under the protective order entered by the court. But beyond that, Defendants provided neither substantive argument, nor evidence in support of their motion.

Plaintiffs opposed Defendants' request, arguing that Defendants failed to satisfy the standard for sealing summary-judgment-related materials.

**II.   Discussion**

As with all aspects of the federal government, the federal courts belong to the People of the United States. As a result, the public has "a general right to inspect and copy . . . judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Allowing public access to judicial records advances the public's "interest in ensuring basic fairness and

---

[1] D.E. 158, 159, 160, 161, 161-4, 162-2, 162-3, 162-4, 165-4, 167-1, 168-1, 169-1, 169-2, 169-3, 169-6, 169-7, 169-8, 169-9, 169-10, 169-13, 169-14, 171-2, 171-3, 171-4, 171-5, 171-6, 171-7, 171-8, 184-4, 186-5, 213, 214, 215, 216, 226, 227-1, 227-2, and 220.

deterring official misconduct not only in the outcome of certain proceedings, but also in the very proceedings themselves." *United States ex rel. Oberg* v. *Nelnet, Inc.*, 105 F.4th 161, 172–73 (5th Cir. 2024).

But the public's "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," and can deny the public access to those records and files when they may be used "for improper purposes." *Id.*

Parties regularly ask courts to shield judicial documents from the public eye. So, to ensure that the public's right to access judicial records is not unduly limited, courts in the Fourth Circuit "must comply with certain substantive and procedural requirements" before granting a motion to seal. *Wash. Post*, 386 F.3d at 576. At the outset, "the district court . . . must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). That source could be either the common law or the First Amendment. *Id.* at 575. Determining the appropriate source of the right of access is important because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The court must also give the public notice and a reasonable chance to challenge the request to seal. *Id.* And it must "consider less drastic alternatives to sealing[.]" *Id.* Then, if it decides to seal documents, the court must make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

With these requirements in mind, the court turns to Defendants' motion.

The court begins by determining the source of the public's right of access to the documents at issue. The documents Defendants wish to keep under seal were filed in connection with a summary judgment motion. Thus, the public's right of access arises out of the First Amendment. *Rushford*, 846 F.2d at 253.

To overcome the public's First Amendment right of access, the moving party must show that the denial of access is "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Wash. Post*, 386 F.3d at 575 (citing *Press–Enter. Co.* v. *Superior Court*, 478 U.S.1, 15 (1986)).

Defendants claim that the court should grant their motion because the documents they wish to keep under seal contain "confidential and sensitive business information . . . that is not generally available to the public[.]" Mem. in Supp. at 13, D.E. 264. They assert that "[i]f the information were to become public, it would irreparably harm Defendants' competitive standing." *Id.* at 14.

Courts have found that a party's interest in protecting confidential business information or trade secrets can overcome the public's First Amendment right to access those documents. *See Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."); *Clemmons Farming, Inc.* v. *Silveus Se., LLC*, No. 7:21-CV-126-FL, 2024 WL 314983, at *17 (E.D.N.C. Jan. 26, 2024) (granting motion to seal business information for internal consumption only and internal evaluations of defendant's personnel); *Dynatemp Int'l, Inc.* v. *R421A, LLC*, No. 5:20-CV-142-FL, 2021 WL 3284799, at *13

(E.D.N.C. July 30, 2021) (granting motion to seal sales results, revenues, customer preferences and behaviors).

But to be entitled to have documents kept under seal, a party must do more than just assert that those documents contain sensitive business information—they must prove it. *Pub. Citizen*, 749 F.3d at 270 (explaining that the Fourth Circuit "has never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm[.]"). In other words, "it is not enough simply to assert this general principle without providing specific underlying reasons for the district court to understand how the" movant's interests "reasonably could be affected by the release of such information." *Wash. Post*, 386 F.3d at 579. So, the moving party must "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *accord Wash. Post*, 386 F.3d at 579 ("Whether this general interest is applicable in a given case will depend on the specific facts and circumstances presented in support of the effort to restrict public access.").

Defendants have not met this standard. They repeatedly state, in conclusory fashion, that the documents they want to place under seal include non-public, confidential, and sensitive business information. But they never provide any evidence supporting that claim. Nor do they show how they would be harmed by public disclosure of this information. Courts require more than conclusory assertions before granting a motion to seal. *See Altria Client Servs. LLC* v. *R.J. Reynolds Vapor Co.*, 650 F. Supp. 3d 375, 384 (M.D.N.C. 2023) (granting motion because the business interests noted in the briefs and declarations supporting the motions to seal were significant enough to rebut the public's presumption of access); *Taylor* v. *Wexford Health Sources,*

*Inc.*, No. 2:23-CV-00475, 2024 WL 2978782, at *3 (S.D.W. Va. June 13, 2024) (defendant provided appropriate explanation of specific harm by explaining "developing these guidelines is a time-consuming and expensive process and filing them publicly would harm its ability to distinguish itself from competitors bidding for contracts to provide healthcare to inmates").

Defendants point out that they designated the documents as Confidential or Highly Confidential under a protective order entered by the court. But this designation has little to no bearing on whether it is appropriate to limit the public's access to that document once it has been submitted to the court in connection with a motion. The protective order says as much. Sept. 5, 2019 Order ¶ 12, D.E. 58 ("The filing of the materials under seal shall not be binding on the Court, however.").

The standard a party must satisfy before being granted a protective order differs by an order of magnitude from the standard a party must satisfy to keep judicial documents out of the public eye. *See Rushford*, 846 F.2d at 252 ("[D]iscovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court."). The former standard is satisfied by a showing of good cause. Fed. R. Civ. P. 26(c). While the latter category requires a showing of either that "countervailing interests heavily outweigh the public interests in access" or a compelling governmental interest and narrow tailoring, depending on the source of the public's right to access. *Rushford*, 846 F.2d at 253. And the "reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing" public access to judicial documents. *Id.* at 254 (addressing the public's First Amendment right to access). So whatever weight a unilateral decision to designate a document as confidential carries, it is not enough, by itself, to justify permanently sealing that document.

In sum, Defendants have provided "no credible evidence to support" their claim that making these documents publicly available "would subject [them] to reputational or economic injury[.]" *Pub. Citizen*, 749 F.3d at 270. This type of "unsupported claim . . . falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access." *Id.*

Were the court to grant a contested motion to seal on a record this sparse, it would be reducing the First Amendment's protection of the public's right of access to little more than a parchment barrier. The court declines to do so and thus denies Defendants' motion to seal.

### III. Conclusion

As discussed, the court denies Defendants' motion to seal. D.E. 263. The materials at issue, however, will remain under seal for 14 days from entry of this order to allow either party to seek review of this order by a United States District Judge. 28 U.S.C. § 636(b)(1)(A). If either party seeks review, the materials will remain under seal until it is resolved. If neither party seeks review within the time allowed, the Clerk of Court shall unseal those documents without further order from the court.

Dated: November 27, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge