IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-73-D

JAMES S. DEW, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　**CASE MANAGEMENT ORDER**
　　　　　　　　　　　　　　　　　　　)
E.I. DU PONT DE NEMOURS AND　　　　　 )
COMPANY, et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.

　　　　This order governs future proceedings in this action. The trial is set to begin on Monday, July 13, 2026, in courtroom one of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. The trial plaintiffs are Patsy and Richard Davis, Anne and John Stevens, Allison Pini, and Sandra Riggins Branch. Jury selection shall begin at 10:00 a.m. The case will take no more than five trial days. The court will set and enforce time limits on each side.

　　　　By February 27, 2026, the parties shall supplement their document productions and discovery responses under Federal Rule of Civil Procedure 26(e).

　　　　By March 13, 2026, or 14 days after a plaintiff supplements their document production and discovery responses, defendants shall take updated depositions of the trial plaintiffs. Any supplemental deposition shall be limited to no more than one hour of on-the-record testimony and shall be confined to events, facts, and documents arising after the witness's prior deposition in this matter.

By February 27, 2026, plaintiffs shall serve any supplemental expert reports. By March 27, 2026, defendants shall serve any supplemental expert reports. Any expert deposition must be taken by April 10, 2026. Expert depositions shall be limited to those experts who issue supplemental reports. Any supplemental expert deposition shall be limited to two hours of on-the-record testimony, unless otherwise agreed to by counsel after submission of supplemental expert reports. Any supplemental expert deposition shall be confined in scope to questions relating to new information provided in the expert's supplemental report.

All motions to exclude testimony of expert witnesses under Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar precedent shall be filed by April 17, 2026. Any responses shall be filed by May 1, 2026. No replies are permitted.

All other motions <u>in limine</u> shall be filed by May 22, 2026. Any responses shall be filed by June 5, 2026. No replies are permitted without leave of court.

Deposition designations shall be served by May 22, 2026. Objections and counter-deposition designations shall be served by June 5, 2026. Objections to counter-designations and any remaining designations shall be served by June 12, 2026. By June 19, 2026, the parties must notify the court whether it will be necessary for the court to rule on any dispute regarding video depositions or other deposition excerpts anticipated to be used and for which the parties have been unable to reach agreement concerning editing. <u>See</u> Local Civil Rule 16(b)(2).

By May 15, 2026, the parties shall serve their exhibit and witness lists. Any rebuttal exhibit and witness lists shall be served by May 29, 2026.

2

Case 5:18-cv-00073-D    Document 286    Filed 02/20/26    Page 2 of 5

Under Federal Rule of Civil Procedure 16(e), a final pretrial conference shall be held on Tuesday, July 7, 2026, at 1:00 p.m., in courtroom one of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. Each party appearing in this action must be represented at the final pretrial conference by the attorney who is to have charge of the conduct of the trial on the party's behalf. Adherence to this order's time requirements, some of which deviate from the deadlines provided for in the Local Rules, is necessary for in-chambers preparation for the final pretrial conference and the trial.

Continuance of the pretrial conference at a party's request is highly unlikely. Counsel should plan to do the necessary pretrial work in a manner that will ensure its completion before the final pretrial conference. At the final pretrial conference, the court anticipates that it will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3. Preview proposed testimony and exhibits, and rule on contested issues of law, anticipated evidentiary objections, and motions in limine to the extent possible in advance of trial.

4. Discuss generally the nature of the parties' proposed jury instructions and verdict form,to discern areas of agreement and disagreement.

Not later than Monday, June 22, 2026, the parties shall submit to chambers memoranda of authorities on all anticipated evidentiary questions and on all contested issues of law. These

3

memoranda shall be no longer than 20 pages. No responses are permitted. Any motions related to the admissibility of evidence are also due on that date.

This action involves a jury trial. The parties shall confer and prepare a set of joint proposed jury instructions. By Monday, June 22, 2026, the parties shall file jointly file proposed jury instructions. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and, if applicable, each party shall submit a proposed alternative instruction. See Local Civil Rule 51.1.

The parties' joint submission of jury instructions shall include a proposed verdict form. If there is a disagreement as to the verdict form, this jointly prepared submission shall disclose the basis for a party's objection and shall include each party's proposed alternative verdict form.

The court will conduct the examination of prospective jurors. Not later than Monday, June 22, 2026, counsel shall file any proposed voir dire questions. See Local Civil Rule 47.1(b). The court will read a brief statement of the case to the prospective panel of jurors before commencement of voir dire. Counsel shall jointly file a proposed brief statement of the case not later than Monday, June 22, 2026.

Not later than Monday, June 22, 2026, the parties shall submit to chambers (but not file) copies of all exhibits, properly bound. See Local Civil Rule 39.1(b)(2).

The final pretrial conference is an opportunity to prevent wasting trial time on pointless or undisputed matters. The parties shall be prepared to address how to streamline the trial, including but not limited to presentation of testimony by deposition excerpts and stipulations.

Not later than Monday, June 22, 2026, counsel shall jointly submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b)(1). This submission shall comply with the form specified in Local Civil Rule 16.1(c).

4

Because the trial may involve a significant number of exhibits, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified during its presentation. With respect to presenting exhibits to the jury, counsel shall use (if possible) computer technology. Such technology avoids the need of handing exhibits to the jurors. Before trial, counsel shall familiarize himself or herself with the courtroom's technology. Of course, counsel also shall provide a hard copy of exhibits to the clerk. See Local Civil Rule 39.1(b).

This order shall not be modified except by leave of the court upon a showing of good cause. The court expects the parties to abide by these deadlines. Furthermore, all requirements set forth in the court's Local Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED. This **20** day of February, 2026.

JAMES C. DEVER III
United States District Judge